UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DALE HARTKEMEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00336-JMS-DLP |
| ) | |
| WILLIAM P. BARR, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| FATHER MARK OKEEFE, ) | |
| ) | |
| Intervenor Plaintiff. ) | |

**Order Denying Motion for Preliminary Injunction**

Plaintiff Dale Hartkemeyer filed this civil rights action challenging the defendants' scheduling of Wesley Purkey's execution for July 15, 2020 during the COVID-19 pandemic. Mr. Hartkemeyer, who is Mr. Purkey's minister of record, alleges that the scheduled execution violates the Religious Freedom and Restoration Act of 1993 ("RFRA") and the Administrative Procedure Act ("the APA") as it places him at serious personal risk due to potential exposure to the coronavirus.

Intervenor-plaintiff Father Mark O'Keefe challenges the defendants' scheduling of Dustin Lee Honken's execution for July 17, 2020. Fr. O'Keefe, who is Mr. Honken's minister of record, likewise alleges that the scheduled execution violates RFRA and the APA, again citing the coincidence of the execution and the COVID-19 pandemic.

**I.   Background**

A federal jury found Mr. Purkey guilty in 2003 of interstate kidnapping, rape, and murder, and he was sentenced to death. *United States v. Purkey*, 428 F.3d 738, 744 (8th Cir. 2005).

1

A federal jury found Mr. Honken guilty in 2004 of witness tampering, soliciting the murder of a witness, drug conspiracy murder, and Continuing Criminal Enterprise (CCE) murder, and he was sentenced to death. *United States v. Honken*, 541 F.3d 1146, 1148–49 (8th Cir. 2008).

On July 25, 2019, at the direction of defendant Attorney General William Barr, the Department of Justice set execution dates for five federal inmates, including Mr. Purkey and Mr. Honken. Those executions were stayed in November 2019 by a preliminary injunction in the United States District Court for the District of Columbia. *In re Matter of Federal Bureau of Prisons' Execution Protocol Cases*, 2019 WL 6691814, at *8 (D.D.C. Nov. 20, 2019). On April 7, 2020, the District of Columbia Circuit Court of Appeals vacated the preliminary injunction. *In re Matter of Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 113 (D.C. Cir. 2020), *reh'g denied*, 955 F.3d 106 (May 15, 2020), *cert. denied*, *Bourgeois v. Barr*, 2020 WL 3492763 (Mem. Op.) (June 29, 2020).

Meanwhile, the novel coronavirus ("COVID-19") has been spreading in the United States since early 2020. As of 12:15 p.m. on July 12, 2020, there were 3,236,130 reported cases in the United States, including 394,224 cases in the past week. Centers for Disease Control and Prevention, Covid Data Tracker, https://www.cdc.gov/covid-data-tracker/#cases (last visited July 12, 2020). 134,572 people have died from the virus in the United States. *Id.* In Indiana, there have been 51,612 confirmed cases, and 2,567 people have died. Indiana COVID-19 Dashboard, https://www.coronavirus.in.gov/2393.htm (last visited July 12, 2020).

On June 15, 2020, with the Bureau of Prisons ("BOP") essentially locked down due to the COVID-19 pandemic, the Department of Justice announced four execution dates, including Mr. Purkey's on July 15, 2020, and Mr. Honken's on July 17, 2020. *See* Press Release, Dep't of Justice, "Executions Scheduled for Four Federal Inmates Convicted of Murdering Children" (June

15, 2020), https://www.justice.gov/opa/pr/executions-scheduled-four-federal-inmates-convicted-murdering-children.

On July 11, 2020, four days before Mr. Purkey's scheduled execution and six days before Mr. Honken's, a staff member at FCC Terre Haute tested positive for COVID-19 after visiting with individuals who also tested positive. Dkt. 77-1 at ¶¶ 4−5 (Rick Winter Declaration July 12, 2020). This officer left work on July 8 to self-quarantine. *Id.* at ¶ 4. Between his exposure and his departure, he (1) "attended the law enforcement meeting with outside law enforcement in preparation for the scheduled executions"; (2) "attended a meeting regarding the handling of demonstrators at the scheduled executions"; and (3) "attended to an issue at the SCU," where Mr. Purkey and Mr. Honken are presently held. *Id.* at ¶ 6. He "did not wear a mask at all times during this period." *Id.* at ¶ 7. While this staff member did not come into contact with any members of the execution protocol team, the BOP has not yet completed contact tracing protocols. *Id.* at ¶ 9. And, despite this positive test, the BOP has not changed its plan to forego testing the execution protocol team. Dkt. 33-1 at ¶ 7 (Rick Winter Declaration July 6, 2020) ("BOP has no plans to conduct COVID testing on individuals involved in the execution in advance of the execution."); dkt. 77-1 ("BOP will continue to perform the mitigation measures identified in my prior declaration dated July 6.").

## II.      Standard for Preliminary Injunction

In deciding whether to stay an execution, the Court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The first two factors . . . are the most critical." *Id.*

### III.      Discussion

**A.      The Plaintiffs Have Not Shown More than a Negligible Likelihood of Success on Their RFRA Claims.**

As the statute itself explains, Congress enacted RFRA "to restore the compelling interest test as set forth in *Sherbert v. Verner*, 374 U.S. 398 (1963) and *Wisconsin v. Yoder*, 406 U.S. 205 (1972) and to guarantee its application in all cases where free exercise of religion is substantially burdened." 42 U.S.C. § 2000bb(b)(1). Courts evaluate RFRA claims using a four-part test. The plaintiff must show that a challenged government action (1) substantially burdens (2) the plaintiff's sincerely held religious belief. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 691−92 (2014). If the plaintiff makes the required showings, then the defendant must show that the government action (3) is necessitated by a compelling governmental interest and (4) constitutes the least restrictive means to satisfy that interest. *Id.*

The defendants do not dispute for purposes of this motion that Mr. Hartkemeyer's and Fr. O'Keefe's sincerely held religious beliefs require them to attend to the spiritual needs of Mr. Purkey and Mr. Honken, respectively, as these men face execution. The defendants do, however, argue that the government has imposed no substantial burden on the plaintiffs' free exercise of those beliefs because the plaintiffs are "not themselves the subject of government regulation." Dkt. 33 at 11; *id.* at 13 ("[T]he only impediment Rev. Hartkemeyer identifies—the global pandemic—is not one of the Government's making.").

To show a government-created substantial burden, a plaintiff must identify some government action with a "tendency to coerce individuals into acting contrary to their religious beliefs." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988). The mere scheduling of an execution imposes no obligation or restriction on the religious advisor whom the condemned prisoner has selected to attend. And the plaintiffs' claims as stated in their complaint

rest entirely on the setting of Mr. Purkey's and Mr. Honken's execution dates during the pandemic. Accordingly, the plaintiffs have not shown more than a negligible likelihood of demonstrating a substantial burden on their religious beliefs, as required to prevail on their RFRA claims.

The Court notes that the plaintiffs, in litigating their motions for preliminary injunction, have increasingly focused on the burdens imposed on them as a result of alleged inadequacies of protective measures under the regulations and protocols governing their behavior—and requiring various interactions with prison staff—during the execution process. *See*, *e.g.*, dkt. 82 at 4 ("The Government's failures to ensure compliance with its only limited COVID-19 protocols are an equal cause for concern.")[1]. But the plaintiffs' complaints allege only that the scheduling of executions violated RFRA and the APA. They are not seeking an injunction requiring defendants to provide any additional protective measures for plaintiffs' personal safety. Indeed, the only relief they seek is postponement of Mr. Purkey's and Mr. Honken's executions until a treatment or vaccine for COVID-19 is widely available. Given recent developments, *see Peterson v. Barr*, --- F.3d ----, ----, 2020 WL 3955951, at *2 (7th Cir. 2020) ("[I]f the BOP observes the minimal requirements in the regulation . . . then it has the unconstrained discretion to choose a date for the execution."); *Barr v. Lee*, 591 U.S. ---, ---, No. 20A8 (July 14, 2020) (per curiam), the likelihood of success on this remedy seems vanishingly small. If the plaintiffs wish to litigate some other claim, or seek different relief, they must first amend their complaints.

**B.      The Plaintiffs Have Not Shown More than a Negligible Likelihood of Success on Their APA Claims.**

"The APA 'sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts.'" *Dep't of Homeland Sec. v. Regents of the Univ.*

---

[1] The Court is mindful that plaintiffs were not advised by the defendants as to the COVID-19 precautionary measures for spiritual advisors until after the initial complaint was filed.

5

*of California*, 140 S. Ct. 1891, 1905 (2020) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992)). "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

When an agency action is subject to review, a district court may "hold [it] unlawful and set [it] aside" for a number of reasons. 5 U.S.C. § 706(2). The plaintiffs ask the Court to hold unlawful and set aside the government's scheduling of Mr. Purkey's execution on July 15, 2020, and Mr. Honken's on July 17, 2020, as arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A).

The Seventh Circuit recently held that, aside from specific regulations upon which the plaintiffs do not rely, the BOP has "unconstrained discretion" to set an execution date. *Peterson*, --- F.3d at ----, 2020 WL 3955951, at *2. The plaintiffs therefore have no more than a negligible chance of success in showing that the defendants violated the APA in choosing Mr. Purkey's and Mr. Honken's execution dates.

### C.      Remaining Preliminary Injunction Factors

Given the plaintiffs' slim chances of success, the Court need not address the other factors for granting an injunction. *See GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (likelihood of success is a "threshold requirement[]," and a court must deny the preliminary injunction if the plaintiff fails to satisfy it).

### IV.      Conclusion

Mr. Hartkemeyer's motion for preliminary injunction, dkt. [6], and Fr. O'Keefe's motion for preliminary injunction, dkt. [60], are **denied**.

**IT IS SO ORDERED.**

Date: 7/14/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

6

Distribution:

Michelle Behrens
ROPES & GRAY LLP
michelle.behrens@ropesgray.com

Maria G. Calvet
ROPES & GRAY LLP
maria.calvet@ropesgray.com

Abigail A. Clapp
GREENBERG TRAURIG LLP
clappa@gtlaw.com

John T. Dey
ROPES & GRAY LLP
john.dey@ropesgray.com

David C. Fathi
NATIONAL PRISON PROJECT OF THE ACLU
dfathi@npp-aclu.org

Amy Fly
American Civil Liberties Union
afly@aclu.org

Kyle R. Freeny
Greenberg Traurip, LLP
2101 L Street, N.W.
Washington, DC 20027

Douglas Hallward-Driemeier
ROPES & GRAY LLP
douglas.hallward-driemeier@ropesgray.com

Michael M. Kraus
Greenberg Traurig, LLP
90 South Seventh Street
Suite 3500
Minneapolis, MN 55402

Howard Baker Kurrus
H. Baker Kurrus, PLLC
bkurrus@aol.com

7

Daniel Mach
AMERICAN CIVIL LIBERTIES UNION
dmach@aclu.org

Cassandra Stubbs
AMERICAN CIVIL LIBERTIES UNION
cstubbs@aclu.org

Heather L. Weaver
AMERICAN CIVIL LIBERTIES UNION
hweaver@aclu.org

Jennifer Wedekind
American Civil Liberties Union Foundation
jwedekind@aclu.org

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

8