CASE No. 20-2262

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

_____

## DALE HARTKEMEYER (AKA SEIGEN) AND FATHER MARK O'KEEFE,

*Plaintiffs-Appellants*

v.

## WILLIAM BARR, *ET AL.*,

*Defendants-Appellees*

_____

## EXECUTIONS SCHEDULED FOR JULY 15, 2020 AND JULY 17, 2020

_____

## APPELLANTS' REPLY IN SUPPORT OF MOTION TO STAY EXECUTIONS PENDING APPEAL

_____

Abigail A. Clapp
Greenberg Traurig, LLP
77 W. Wacker Dr., Ste. 3100
Chicago, IL 60601
Tel: (312) 508-4600
Fax (312) 899-0393
ClappA@gtlaw.com

Edward C. Wallace
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
WallaceE@gtlaw.com

Michael M. Krauss
Greenberg Traurig, LLP
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402

David C. Fathi*
Daniel Mach
Heather L. Weaver
Jennifer Wedekind
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 548-6603
dfathi@aclu.org
dmach@aclu.org
hweaver@aclu.org
jwedekind@aclu.org

Cassandra Stubbs
Amy Fly
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
201 W. Main St., Suite 402

Tel: (612) 259-9700
KraussM@gtlaw.com

Kyle R. Freeny*
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Tel: (202) 331-3100
FreenyK@gtlaw.com


*Counsel for Petitioner-Appellant Father
Mark O'Keefe*

Durham, NC 27701
(919) 688-4605
cstubbs@aclu.org
afly@aclu.org

Douglas Hallward-Driemeier
Maria G. Calvet
Michelle H. Behrens
John T. Dey
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington D.C. 20006
Tel: (202) 508-4600
Douglas.Hallward-
   Driemeier@ropesgray.com
Maria.Calvet@ropesgray.com
Michelle.Behrens@ropesgray.com
John.Dey@ropesgray.com

*Not admitted in D.C.; practice limited to
federal courts


*Counsel for Petitioner-Appellant Dale
Hartkemeyer (aka Seigen)*

**INTRODUCTION**

Few religious duties, if any, are more sacred than that of a priest to administer Last Rites to a member of his flock at the moment of death. For this reason, clergy have filled a critical role in executions throughout our Nation's history. The Government's effort to label the priests here as "incidental" bystanders and the executions as "internal affairs" in which they serve no purpose ignores binding precedent and traditions dating back to before the Founding and indeed, thousands of years before that. No priest should be forced to choose between performing his most sacred of duties and risking his own life and health. RFRA bars the Government from imposing such a substantial burden on core religious exercise, and this Court should stay the executions of Mr. Purkey and Mr. Honken.

**I. APPELLANTS HAVE SHOWN A LIKELIHOOD OF SUCCESS ON THE MERITS.**

Until now, the recent capital appeals before this Court, the District of Columbia Court of Appeals, and the Supreme Court had nothing to do with RFRA. The Government's repeated invocation of them is unavailing. Decisions upholding the executions scheduled for this week against challenges to administrative decision-making under the APA do not entitle the Government to infringe on the exercise of religion under RFRA. Instead, as the Government again ignores, RFRA "operates as a kind of super statute, displacing the normal operation of other federal laws,"

even those that otherwise vest the Government with broad discretion. *Bostock v. Clayton County*, 140 S. Ct. 1731, 1754 (2020). (*See also* Opening Brief at 15.)

### A. The Government's Actions Substantially Burden Appellants' Religious Exercise.

The threshold question under RFRA is whether Government action—here, the scheduling of executions during a raging pandemic—substantially burdens the exercise of religion by two priests who have a sacred duty to administer Last Rites (and their Buddhist equivalent) to the dying prisoners under their spiritual care and shepherd these prisoners from this world to the next. On appeal, the Government still cannot (and does not) dispute that Rev. Hartkemeyer's and Fr. O'Keefe's "sincerely held religious beliefs *require them* to attend the spiritual needs of Mr. Purkey and Mr. Honken, respectively, as these men face execution." ECF No. 84 at 5 (emphasis added). By compelling the priests either to honor their religious obligations at grave risk to life and health, or to abandon them altogether, the Government's conduct has a "tendency to coerce individuals into acting contrary to their religious beliefs." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988). A substantial burden exists when the Government puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Hobbie v. Unemployment Appeals Comm'n*, 480 U.S. 136, 141 (1987). The rampant spread of COVID-19 has led the entire world population to modify its behavior in drastic and fundamental ways—principally by staying in isolation. In deciding to proceed

2

with the executions this week, ignoring this necessary global shift, the Government—and no one else—brings that pressure to bear squarely on Father O'Keefe and Rev. Hartkemeyer's most solemn religious duties.

The Government thus cannot avoid RFRA's expansive reach by arguing that, in scheduling the executions, it is not "directly regulating" the priests who must attend to perform their sacred obligations. (*See* Resp. at 13.) This purported requirement is of the Government's own making; it appears nowhere in the case law. And it ignores the unbroken tradition of clergy at executions throughout our Nation's history. (See Appellants' Br. at 7-9.) Father O'Keefe and Rev. Hartkemeyer are not incidental bystanders—theirs is a critical role since colonial times and today memorialized in the Government's regulations, which provide that a spiritual advisor selected by the prisoner *shall be present* at the executions.

The regulation secures the right of a prisoner to select the spiritual advisor at his execution for good reason, which further undermines the Government's argument that the priests are incidental outsiders. The relationship between a priest and those to whom he ministers is of a mutual nature, and the spiritual bond runs both ways—the religious exercise "interests of both parties are inextricably meshed." *See Procunier v. Martinez,* 416 U.S. 396, 409 (1974). The religious exercise at issue in this case depends on the participation of both priest and prisoner, so an intrusion into their spiritual relationship at the prisoner's moment of death

"necessarily impinges on the interest of each." *See id.* ("The wife of a prison inmate who is not permitted to read all that her husband wanted to say to her has suffered an abridgment of her interest in communicating with him as plain as that which results from censorship of her letter to him. In either event, censorship of prisoner mail works a consequential restriction on the First and Fourteenth Amendments rights of those who are not prisoners."); *see also Turner v. Safley*, 482 U.S. 78, 97 (1987) (noting that state rule prohibiting prisoners from marrying implicated the interests of nonprisoners because it "may entail a consequential restriction on the [constitutional] rights of those" not incarcerated who wished to marry a prisoner).

**B.    The Government Is Not Using The Least Restrictive Means, And Has Failed To Show A Compelling Interest For Carrying Out Its Actions.**

The Government writes that RFRA's least-restrictive-means requirement does not compel it to abandon "achieving its desired goal." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 728 (2014). The Government's goal is to execute Mr. Purkey and Mr. Honken, but it need not do so this week, in the midst of a surging pandemic, after years of delay of its own making. The least restrictive means so that Father O'Keefe and Rev. Hartkemeyer can perform their sacred religious duties without confronting the deadly risk of COVID-19 is to delay the executions until the pandemic is under control, such as when a cure, vaccine, or effective course of treatment is available or until the Government has adopted sufficient COVID-19

4

preventative measures to protect Appellants. The absence of a specific date for this occurrence is irrelevant. Indeed, in *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976), the Supreme Court held that, before infringing a fundamental right—in that case, by issuing a gag order on media publication of certain details relating to an upcoming high-profile trial—the Nebraska Supreme Court was required to demonstrate the inadequacy of various less restrictive means, including postponing the trial until publicity surrounding the case subsided, an alternative that was, by its very nature, an indefinite delay.

## II. THE BALANCE OF EQUITIES WEIGHS STRONGLY IN APPELLANTS' FAVOR.

The Government's discussion of the balance of equities ignores the basic fact that what is done cannot be undone. If the executions proceed this week, Father O'Keefe and Rev. Hartkemeyer will suffer the irreparable injury of loss of their right to the free exercise of religion, Mr. Purkey and Mr. Honken will be dead, and this action will be rendered moot without further adjudication. The Government set the execution dates only on June 15, and did not respond for days to questions about the protective measures it would adopt. Rev. Hartkemeyer filed suit July 2 and Father O'Keefe moved to intervene July 5. But for the Government's rush to execute, these critical issues could—and should—be addressed in an orderly fashion, without forcing the priests to choose between their sacred duty and their own health and

lives.  The executions should be stayed pending orderly, but expedited, consideration of this appeal.

Dated:  July 15, 2020

Respectfully submitted,

/s/ *Douglas Hallward-Driemeier*

| | |
|---|---|
| Abigail A. Clapp | Douglas Hallward-Driemeier |
| Greenberg Traurig, LLP | Maria G. Calvet |
| 77 W. Wacker Dr., Ste. 3100 | Michelle H. Behrens |
| Chicago, IL 60601 | John T. Dey |
| Tel:  (312) 508-4600 | ROPES & GRAY LLP |
| Fax  (312) 899-0393 | 2099 Pennsylvania Avenue NW |
| ClappA@gtlaw.com | Washington D.C. 20006 |
| | Tel:  (202) 508-4600 |
| Edward C. Wallace | Douglas.Hallward- |
| Greenberg Traurig, LLP | Driemeier@ropesgray.com |
| 200 Park Avenue | Maria.Calvet@ropesgray.com |
| New York, NY 10166 | Michelle.Behrens@ropesgray.com |
| Tel:  (212) 801-9200 | John.Dey@ropesgray.com |
| WallaceE@gtlaw.com | |
| Michael M. Krauss | David C. Fathi* |
| Greenberg Traurig, LLP | Daniel Mach |
| 90 South Seventh Street, Suite 3500 | Heather L. Weaver |
| | Jennifer Wedekind |
| Minneapolis, MN 55402 | AMERICAN CIVIL LIBERTIES UNION |
| Tel:  (612) 259-9700 | FOUNDATION |
| KraussM@gtlaw.com | 915 15th Street NW |
| | Washington, DC 20005 |
| Kyle R. Freeny* | (202) 548-6603 |
| Greenberg Traurig, LLP | dfathi@aclu.org |
| 2101 L Street, N.W., Suite 1000 | dmach@aclu.org |
| Washington, D.C. 20037 | hweaver@aclu.org |
| Tel: (202) 331-3100 | jwedekind@aclu.org |
| FreenyK@gtlaw.com | |

*Counsel for Petitioner-Appellant*
*Father Mark O'Keefe*

Cassandra Stubbs
Amy Fly
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
201 W. Main St., Suite 402
Durham, NC 27701
(919) 688-4605
cstubbs@aclu.org
afly@aclu.org


*Not admitted in D.C.; practice
limited to federal courts


*Counsel for Petitioner-Appellant*
*Dale Hartkemeyer (aka Seigen)*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d) because this motion contains less than 2,600 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2020, a true copy of the foregoing motion has been filed electronically using the Court's CM/ECF system. All parties are represented by registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: July 15, 2020

By:

/s/ *Douglas Hallward-Driemeier*
Douglas Hallward-Driemeier
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington D.C. 20006
Tel: (202) 508-4600
Douglas.Hallward-
Driemeier@ropesgray.com

*Counsel for Petitioner-Appellant Dale Hartkemeyer (aka Seigen)*